IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| AMOS FENNELL, #146234 | § |
| | § |
| V. | §    CIVIL ACTION NO. G-05-549 |
| | § |
| KIRK SISTRUNK, ET AL. | § |

### **REPORT AND RECOMMENDATION**

    Plaintiff Amos Fennell, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. §1983. The particularity with which Plaintiff has pleaded his claims makes it unnecessary, in this Court's opinion, to afford Plaintiff the customary opportunity to replead. A complaint which alleges sufficient facts to support its conclusions and maintain a cause of action, when viewed under the individual circumstances of the complaint, is adequate in demonstrating that a Plaintiff has pleaded his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792-93, (5th Cir. 1986). Having considered Plaintiff's complaint, this Court makes the following recommendation to the District Judge.

    When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

    A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a

person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). In this case, Plaintiff's complaint is nearly illegible and nonsensical; it appears that he is objecting to being brought before, and prosecuted by, Galveston County District Attorney Kirk Sistrunk. Plaintiff seeks relief only against Defendant Sistrunk. No complaints or allegations have been made against Defendant Judges Quintanilla or Schweitzer in this cause of action.

Plaintiff's claims against the District Attorney is not available for federal relief. Prosecutors are afforded absolute immunity from liability under Section 1983. Without absolute immunity, the threat of Section 1983 liability would undermine the performance of a prosecutor's duty to exercise his best judgment in deciding which suits to bring and in conducting them in court. *Imbler v. Pachtman*, 424 U.S. 409, 424-25 (1976).

For the foregoing reason, it is the **RECOMMENDATION** of this Court that this cause be **DISMISSED with prejudice for failure to state a claim upon which relief can be granted, and as frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii)**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Plaintiff, who **SHALL** have until **November 21, 2005** in which to have written objections physically on file in the Office of the Clerk. The objections **SHALL** be mailed to the **Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.** Failure to file written objections within the prescribed time **SHALL** bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ____1st____ day of November, 2005.

John R. Froeschner
United States Magistrate Judge